IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAROL A. WILSON, Administrator,**
*et al.*,

    **Plaintiffs,**

                              Case No. 2:17-cv-600
                              Chief Judge Edmund A. Sargus, Jr.
    v.                            Magistrate Judge Elizabeth P. Deavers

**SITE DEVELOPMENT, INC.,**

    **Defendant.**

**ORDER, REPORT AND RECOMMENDATION, and CERTIFICATION OF FACTS**

    Plaintiffs Carol A. Wilson, Administrator of the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship and Training Fund, and Education and Safety Fund, and Trustees of the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship and Training Fund and Education and Safety Fund (collectively, "Plaintiffs") bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of a trust between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers Local Nos. 18, 18A, and 18B. This matter is before the Undersigned for a Report and Recommendation and a Certification of Facts regarding contempt pursuant to 28 U.S.C. § 636(e)(6)(B). For the reasons that follow, it is

**RECOMMENDED** that (1) that Leonard Theisen and Defendant Site Development, Inc. ("Defendant") be found in civil contempt; (2) that Defendant be ordered to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in connection with its attempts to secure

Defendant's compliance with the October 6, 2017 Order; and (3) that Leonard Theisen be sanctioned in the amount of $100.00 per day until Defendant provides to Plaintiffs the records. In addition, Plaintiffs are **ORDERED** to submit an affidavit setting forth their reasonable expenses, including attorneys' fees, incurred in connection their attempts to compel Defendant's compliance with the Court's October 6, 2017 Order.

## I.  MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.") Section (e)(6)(B), which applies in civil cases where the parties have not consented to final judgment by the magistrate judge, provides as follows:

> **(6) Certification of other contempts to the district court**.—Upon the commission of any such act—
>
> \*   \*   \*
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
> > (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
> >
> > (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> >
> > (iii) the act constitutes a civil contempt,
> >
> > the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day

> certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B) (emphasis in original).

Thus, a "magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (collecting cases establishing the proposition). Such a certification "serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *In re Warren Easterling Litigation*, No. 3:14-mc-11, 2014 WL 3895726, at *1 (S.D. Ohio Aug. 8, 2014) (internal quotation marks and citation omitted).

## II. CERTIFIED FACTS

On July 12, 2017, Plaintiffs filed this action for the right to audit Defendant's books and records and to recover delinquent fringe-benefit contributions, interest, statutory interest, assessments and other damages as specified in 29 U.S.C. § 1132(g). (ECF No. 1.) A summons was issued to Site Development, Inc., Attn. Leonard J. Theisen, Statutory Agent, 30850 Stephenson Highway, Madison Heights, MI 48071-1614. (ECF No. 3.) The docket reflects that Plaintiffs effected service on Defendant on July 31, 2017, and that Defendant's answer was due by August 21, 2017. (ECF No. 4.) When Defendant did not timely respond to the Complaint, Plaintiffs applied for entry of default. (ECF No. 5.) On August 29, 2017, the Clerk entered default against Defendant. (ECF No. 6.) The same day, Plaintiffs moved for default judgment and for an order permitting them to audit Defendant's books and records with respect to the hours worked by and wages paid to Defendants' employees covered by the trust agreements

3

described in Count I of Plaintiffs' Complaint.  (ECF No. 7.)  On October 6, 2018, the Court granted Plaintiffs' motion, finding that Plaintiffs were entitled to audit Defendant's books and records for the time period June 1, 2014 to the present regarding the hours worked by, wages paid to, and fringe benefit contributions made on behalf of employees of Defendant working within the trade jurisdiction of the International Union of Operating Engineers, Local Union Nos. 18, 18A, and 18B.  (ECF No. 8.)  The Court specifically ordered Defendant to make available to Plaintiffs "for audit all of the individual earnings records, weekly payroll journals, and other payroll records of defendant, all quarterly withholding tax and FICA tax returns (Form 941); and all Form W-2s of Defendant for the period June 1, 2014 to the present within thirty (30) days from the date hereof." (*Id.*)

On December 4, 2017, Plaintiffs represented that they provided notice of the October 6, 2017 Order on October 10, 2017, but that Defendant did not respond or otherwise produce the requested documents.  (ECF No. 12; ECF No. 15 at 1.)  On January 16, 2018, Plaintiffs personally served Defendant with a copy of the October 6, 2017 Order.  (ECF No. 15 at 1; Affidavit of Service, ECF No. 15-1, PAGEID # 44–45.)  Plaintiffs represented that Defendant did not respond or produce any documents in compliance with the Court's October 6, 2017 Order.  (ECF No. 15 at 1.)  Plaintiffs moved for an order to show cause why Defendant should not be held in contempt, requiring Defendant to personally appear and explain its failure to comply with the Court's Order.  (*Id.*)

On January 19, 2018, the Court granted Plaintiffs' motion, finding that the above recitation reflected Defendant's failure to comply with the Court's October 6, 2017 Order.  (ECF No. 16.)  The Court ordered that unless Plaintiffs reported that Defendant had produced the subject documents, Defendant and its authorized agent, Leonard Theisen, must appear before the

Undersigned on March 2, 2018, and show cause why it should not be held in contempt of October 6, 2018 Order. (*Id*. at 2.) The Court advised Defendant that it could only proceed through licensed counsel in this Court. (*Id*.) The Court also directed the Clerk to send a copy of this Order and the October 6, 2018 Order by regular and certified mail to Leonard J. Theisen, Site Development, Inc., 30850 Stephenson Highway, Madison Heights, Michigan 48071-1614. (*Id*.) The Clerk indicated the fact of this mailing on the docket. (ECF No. 17.) The docket does not reflect that the mail was returned as undeliverable.

On March 2, 2018, the Undersigned conducted a hearing pursuant to the January 18, 2018 Order. Attorneys Daniel Clark and Jesse Meade appeared on behalf of Plaintiffs, but no one appeared on behalf of Defendant. The Undersigned noted the procedural history above, including the issuance of the Order on January 19, 2018, which set the hearing; the Clerk had docketed the fact of mailing the Order to Leonard Theisen; and the mail was not returned as undeliverable.

Plaintiffs' counsel, Jesse Meade, was sworn in and provided the following testimony under oath. He identified a letter sent by Plaintiffs' former counsel dated October 10, 2017, addressed to Mr. Theisen, which enclosed a copy of the Court's October 6, 2017 Order and advised that Defendant was ordered to provide the relevant documents within thirty (30) days of that Order. (A copy of the October 10, 2017 letter was admitted as Plaintiffs' Exhibit 1.) Attorney Meade next identified a letter that he authored dated January 16, 2018, addressed to Mr. Theisen, which advised that Plaintiffs still had not received the documents for the audit and again enclosed a copy of the October 6, 2017 Order. (A copy of the January 16, 2018 letter was admitted as Plaintiffs' Exhibit 2.) Attorney Meade stated that attached to his letter was an affidavit of service reflecting personal service on Mr. Theisen in Madison Heights Michigan.

5

Finally, Attorney Meade identified a letter that he authored dated January 26, 2018, addressed to Mr. Theisen, which advised that the Court had issued a show cause order, requiring Defendant to produce the documents identified in the October 6, 2017 Order or to appear for a hearing on March 2, 2018. (A copy of the January 26, 2018 letter was admitted as Plaintiffs' Exhibit 3.) Attorney Meade testified that this letter was delivered by Federal Express and that he received confirmation that the letter was delivered on January 29, 2018, as demonstrated by a signature upon receipt by a "P. Voss." (A copy of this delivery confirmation is attached to Plaintiffs' Exhibit 3.) Attorney Meade confirmed that he received no communication from Mr. Theisen or from any representative on behalf of Defendant in response to any of the three letters. Attorney Meade also confirmed that Plaintiffs have not received any of the payroll records identified in the October 6, 2017 Order.

Attorney Clark then explained that Plaintiffs, as administrator and trustees of a trust, have a fiduciary obligation to collect contributions from employers and conduct regular audits. He stated that Defendant failed to comply with Plaintiffs' request for an audit, requiring Plaintiffs to file the Complaint and for the Court to issue its October 6, 2017 Order, directing Defendant to produce documents necessary for Plaintiffs to perform an audit. Mr. Clark argued that it was important for Plaintiffs to conduct an audit whether funds are owed or not or even if an employer is out of business because the pension fund is obligated to pay pension funds in all events. According to Mr. Clark, an employee could appear years later and claim pension benefits based on hours worked for Defendant. Without an audit, Plaintiffs would not be able to determine how many hours an employee worked and would have no way to adjudicate an employee's claim. In other words, absent an audit, Plaintiffs are placed in the untenable position of either denying benefits to someone who deserves them or paying benefits to someone who does not deserve

them. Mr. Clark therefore asked the Court for an order finding Defendant and its agent, Leonard Theisen, in contempt of the Court's October 6, 2017 Order. As a sanction, Mr. Clark asked that Plaintiffs be allowed to submit an application to recover costs and fees related to Plaintiffs' attempts to secure compliance with the October 6, 2017 Order and that Mr. Theisen be sanctioned in the amount of $100.00 per day until the records for the audit are provided to Plaintiff.

### III.    ANALYSIS

The failure of Defendant and Mr. Theisen to respond to the Court's Orders constitutes disobedience of lawful court orders and thus amounts to contempt. The Court has inherent authority to assure compliance with its orders through civil contempt. *S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to hold in contempt a party—or the party's officer, director, or managing agent—if the party fails to comply with the court's discovery order). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him or her or it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted). Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently*

7

unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379.  To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order."  *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted).  The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

In the instant action, the record reflects that while Mr. Theisen and Defendant have received adequate notice of both the Court's October 6, 2017 Order (ECF No. 8) and the January 19, 2018 Order (ECF No. 16), they have persisted in ignoring the Court's directives.  In addition, Mr. Theisen and Defendant have offered no evidence that they are presently unable to comply with these Orders.  The failure of Mr. Theisen and Defendant to comply with these Orders without any justification therefore constitutes contempt.  Under these circumstances, the Undersigned finds that civil contempt sanctions, including monetary sanctions, are appropriate.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** (1) that Leonard Theisen and Defendant Site Development, Inc. be found in civil contempt; (2) that Defendant be ordered to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in connection with its attempts to secure Defendant's compliance with the October 6, 2017 Order; and (3) that Leonard Theisen be sanctioned in the amount of $100.00 per day until Defendant provides to Plaintiffs the records with respect to the hours worked by and wages paid to Defendants' employees covered by the trust agreements necessary to complete the audit.  In addition, Plaintiffs are **ORDERED** to submit an affidavit setting forth their reasonable expenses, including their

attorneys' fees, incurred in connection their attempts to compel Defendant's compliance with the Court's October 6, 2017 Order.

The Clerk is **DIRECTED** to send a copy of this Order and Report and Recommendation as well as the prior Orders (ECF Nos. 8, 16) via regular and certified mail to Leonard J. Theisen, Site Development, Inc., 30850 Stephenson Highway, Madison Heights, Michigan 48071-1614. The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waiver. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted))

Date: March 5, 2018                                       /s/ *Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE